## Case No. 6,665.

### HOOD v. SPENCER et al.

[4 McLean, 168.][1]

Circuit Court, D. Ohio. July Term, 1846.

PARTNERSHIP—OBLIGATION TO INDEMNIFY—BANKRUPTCY—PLEADING.

1. A partner having sold his interest in the concern to his co-partner, who gave a bond and security to relieve his late partner from the debts of the firm and to pay them out of his own property, is not an obligation merely to indemnify, but to pay the debts.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. An obligation to indemnify, affords no ground for an action, until the party shall be damnified.

3. If the outgoing partner be discharged under the bankrupt law [of 1841 (5 Stat. 440)], he may still enforce the obligation to pay the partnership debts.

4. The creditors, for whose benefit the obligation was entered into may also enforce the obligation.

5. A replication is defective, to a plea of discharge in bankruptcy, which does not state the debt sued for, to have been placed on the schedule.

[Covenant by Hood, assignee of George C. Ritchey, plaintiff, against Eli A. Jesse and William Spencer, defendants.]

Hunter & Ewing, for plaintiff.
Mr. Stanbery, for defendants.

OPINION OF THE COURT. In the declaration, it is stated that George C. Ritchey and Eli A. Spencer, being partners in merchandise, and owning stock in trade, and being indebted as such partners, on the 29th of May, 1840, dissolved their partnership upon the terms that Eli A. Spencer should have the partnership effects, and indemnify Ritchey against the debts of the firm, contracted prior to August 27th, 1839, and pay them as they shall become due. Thereupon the said Eli A. Spencer, together with Jesse Spencer and William Spencer, the defendants in this suit, on the said 29th of May, 1840, made and delivered to Ritchey their joint bond reciting the purchase of Ritchey's interest in the store, by which they agree to relieve Ritchey from all debts against the firm, which had been contracted prior to the 27th of August, 1839, then due, or to become due, and to assume the payment of the whole of them; and pay them out of their own funds as they should become due. The declaration further states: "That Ritchey has been declared a bankrupt, and has obtained his final certificate, and the plaintiff Hood is his assignee. That the said E. A. Spencer and Jesse Spencer have also been discharged under the bankrupt law, and have obtained their final certificate. That prior to the 27th August, 1839, the said firm had contracted divers debts as partners, which remained unpaid at the date of said bond. A list of the creditors is then set out, nearly all of whom have obtained judgments against Spencer and Ritchey, after the 29th of May, 1840; and all such debts are alleged to be due and unpaid to the several creditors." The declaration then alleges, that by reason of said bond, the defendants became liable, before the discharge in bankruptcy of said Eli A. and Jesse Spencer, to pay said several creditors the amount due to each, respectively; but neither of said defendants has paid said debts to said creditors or to said Ritchey, before his bankruptcy, or to plaintiff as assignee since, etc. The defendant, William Spencer, demurred to the declaration. Eli A. Spencer pleaded his discharge under the

bankrupt act; to which plea the plaintiff replied specially, to which the defendant demurred. The defense rests on the demurrer to the declaration.

In support of that demurrer, it is said, it must turn upon the construction given to the bond. If it is merely a bond for indemnity, then no action accrued to Ritchey; for it is not pretended he ever suffered any damage from the non-payment of the debts. The rule on this subject, it is said, is stated in Ex parte Negus, 7 Wend. 504, in the following words: "Where indemnity alone is expressed, it has always been held, that damage must be sustained, before a recovery can be had; but where there is a positive agreement to do the act, which is to prevent damage to the plaintiff, then an action lies, if the defendant neglects or refuses to do such act; and where the covenant is both to do the act and to indemnify, we must resort to the intention of the parties." And the counsel insists, that judging of the intention of the parties from what is recited in the bond, that indemnity was the sole aim and purpose of the bond. It was not, he says, in the expectation of the parties, that the mere liability of Ritchey to pay the partnership debts, should give him a cause of action against Spencer, or upon this bond; and nothing appears in the case to show that Ritchey has ever been injuriously affected by these debts; but only that up to a certain time, his liability continued. It is true the covenant is, that the debts shall be paid when they become due; and that covenant has not been performed. If it stood alone, there could be no question, but it is coupled with an express covenant of indemnity. This covenant gives character to the whole, especially when we consider the circumstances under which it was made. But, it is argued, if a right of action did arise to Ritchey in the non payment of the debts, that such right was extinguished ipso facto by Ritchey's discharge in bankruptcy. The debts to be paid were not due to Ritchey, but to third persons, who could not take advantage of the covenant, and who, in fact, wholly disregard this private arrangement, by suing both their debtors instead of the one who had agreed solely to pay their debts. Not a dollar of the money could come into Ritchey's hands, and the only effect of a payment of the debts would be to discharge him from liability.

The above comprises the principal grounds of the very earnest and somewhat elaborate argument, in support of the demurrer. They have been stated somewhat at length, that they may be applied with all their force to the case before us. We suppose that the court, in the case cited from Wendall, by saying where a covenant of indemnity is coupled with a covenant to do an act, the court must judge of the intention of the parties, could have had no reference to a case like the present. There may be cases

supposed, where the language of the court would be applicable. As a covenant to indemnify from a contingent liability, and to do an act in which the other party had no immediate and direct interest in its being done. But what is the case under consideration? A partnership is about to be dissolved; it owes debts; the goods are liable to pay those debts, to the exclusion of all other creditors; one of the partners takes them, and he with his two obligors "bind themselves, their heirs and assigns, to relieve the said George C. Ritchey from any and all claims, debts, dues, and demands against the said firm of Spencer & Ritchey, etc., that are now due, or that may become due hereafter; and that we will assume the payment of the whole of them, and pay them out of our own funds, as they may become due." Now there is but one way in which the obligors could "relieve" Ritchey from the debts of the firm; and that was by paying them. And if there is no other manner by which they could "relieve" him, does this not end the controversy?

The counsel uses the word "indemnity." That word, instead of the word "relieve," used in the bond, may be found in the declaration. And on this the basis of the argument rests. If that word, "indemnity," were as potent in this case, as the counsel supposes it to be, how readily could the declaration be amended, and the word "relieve" substituted for "indemnity." But if the word "indemnity" had been used in the bond, the construction of the instrument would be the same. It must be observed that the intention in requiring the bond was to secure the creditors of the firm, who were not parties to the agreement, and, consequently, were not bound by it. Ritchey, as an honest man, beyond any personal liability to the creditors of the firm, must have felt a desire to pay those men, who in selling their property to himself and partner, had confided in their integrity and ability to pay. And the law, which never presumes fraud, would fix an honest motive, to a fair transaction. Indeed, the instrument is not susceptible of any other construction. It is supposed that Ritchey could not have sustained an action on this instrument until he was damnified. If E. A. Spencer had misapplied or wasted the goods, could he not have filed a bill, and called on him to execute the trust? And especially could he not have done this, if his late partner and one of his sureties were about to become insolvent. Could not the creditors have interposed under like circumstances? An action may be maintained by a creditor where an individual has agreed to pay him, in discharge of a debt which he owed to another person, at the instance of such person. In every case where there is an agreement to indemnify an individual, and pay certain debts which he owes, no court, having any regard to good morals or law, could hold that an indemnity was all that the debtor could ask; or that it was all that the other party bound themselves to do. The construction would be that they were to indemnify the debtor by paying the debts, that mode being provided for in the contract. The whole of the contract must be taken together and construed. The undertaking was not to indemnify or pay the debts; it was to do both. Courts can not divide contracts, and hold that a performance in part shall be substituted for a performance in whole. And especially this will not be done where every moral consideration and fair dealings among men require the full performance of the contract. The demurrer to the declaration is overruled. The replication of the plaintiff to the special plea of discharge under the bankrupt act, by E. A. Spencer is defective, as it is not averred in the replication, that the claims of the firm of Spencer & Ritchey, referred to in the declaration, and covenanted to be paid by the defendants, were not named in the schedule of the said Spencer in bankruptcy. The demurrer, therefore, to the replication is sustained. Wherefore, it is considered, that said Spencer, by reason of his discharge in bankruptcy, go hence, etc. Leave given to William Spencer to plead.